BROWN, District Judge.
This is an action on a fire insurance policy issued by the defendant to the plaintiff September 3, 1893, upon a stock of merchandise and fixtures in plaintiff’s shop, partially destroyed by fire on June 5, 1894. A decision upon the demurrers now before the court requires the assumption of the following state of facts: Before the date of the loss, the plaintiff, to whom the policy was originally issued, with the consent of the company, assigned the policy to one Bouvier, together with the property covered thereby. Prior to the loss, Bouvier, without the lmowl *704 edge or assent of the defendant, reassigned the policy to the plaintiff, and reconveyed to him the insured property. The policy stipulated that, unless otherwise provided by agreement indorsed thereon or added thereto, it should be void if any change, other than by the death of the insured, took place in the interest, title, or possession of the insured property. Subsequently, on June 5, 1894, the loss occurred, and plaintiff gave to the company the notice required by the policy. The defendant refused or neglected to make payment to the plaintiff. On July 10, 1894, more than a month after the loss, and at least 10 days after the plaintiff had made proof oi claim, one W. A. Lester, an agent of the defendant corporation, made the following indorsement upon the policy:
“Providence, R. I., July 10, 1894.
“It is understood and agreed that on and after date this policy will cover the within-described property while contained in first and second stories of within-described building. Attached to and forming a part of policy No. 5,822.
“Westchester Pire Insurance Co., “W. A. Lester, Agent.”
By Ms fourth replication, the plaintiff, though confessing the unauthorized transfer to Bouvier, and the conditions of the policy making such transfer a forfeiture, claims that by the above indorsement the company acknowledged said policy to be in force between the company and himself. In other words, that the indorsement not only waived the forfeiture, but transferred the title from Bouvier to the plaintiff. Even were the indorsement a waiver of a prior forfeiture, the plaintiff, upon the state of facts set up in his replication, can have no cause of action, since he has averred the existence of a title in Bouvier; and the indorsement in no way refers or relates to a change of title. The waiver, if one were made, was merely a confirmation of Bouvier’s title, and not a transfer of it. But upon examining the terms of the indorsement it is manifest that it does not relate to a change, past or future, in the interest, title, or possession of the insured property, and therefore that it is not such an agreement as by the terms of the policy is necessary to obviate a forfeiture. Neither can it be considered in the light of an independent agreement inconsistent with a denial of liability for a prior loss. By the transfer from Bouvier the liability of the company at once ceased, and did not exist at the date of loss. The company was under no liability whatever until July 10, 1894, when, by the indorsement, it assumed a liability by express language made entirely prospective. There is no inconsistency between a denial of the prior liability and this agreement to be liable in future. Neither from the terms nor from the substance of this agreement can an estoppel or waiver be inferred. The loss had already occurred, and the indorsement induced no action of the plaintiff at all affecting his prior rights, if any, to compensation for that loss. In Insurance Co. v. Wolff, 95 U. S. 326, Mr. Justice Field says:
“Tbe doctrine of waiver, as asserted against insurance companies, is only another name for the doctrine of estoppel. It can only be invoked where the conduct of the companies has been such as to induce action in reliance upon *705 it, and where it would operate as a fraud upon the assured if they were after-wards allowed to disavow this conduct and enforce the conditions.”
The decision that the indorsement effected no waiver or estoppel of course disposes of the subordinate question of the authority of Lester to make a waiver.
The fifth rejoinder alleges that Lester had no authority to make the indorsement. The surrejoinder avers that Lester was a general agent, and therefore had authority, and concludes with a verification. This is merely an argumentative denial of the allegation of the rejoinder, and, amounting merely to a simple traverse, should have concluded to the country.
The defendant’s demurrers to the fourth replication and to the last surrejoinder must therefore be sustained.